IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
November 12, 2008 Session

## JERRY TIMBERLAKE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Henderson County**
**No. 07-064     Donald H. Allen, Judge**

---

**No. W2008-00037-CCA-R3-PC  - Filed February 5, 2009**

---

The petitioner, Jerry Timberlake, appeals the post-conviction court's summary dismissal of his petition for post-conviction relief based on his failure to verify the petition under oath. Following our review, we reverse the judgment of the post-conviction court and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and D. KELLY THOMAS, JR., JJ., joined.

Hewitt Chatman, Assistant Public Defender, for the appellant, Jerry Timberlake.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; James G. Woodall, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

From the record, it appears that the petitioner pled guilty to second degree murder on August 23, 2006, in exchange for a fifteen-year sentence at 100 percent. On August 24, 2007, he filed a *pro se* petition for post-conviction relief in which he raised the claim of ineffective assistance of counsel. Specifically, he alleged that counsel provided ineffective assistance by, among other things, failing to adequately communicate with him and his family; not fully investigating his mental status, including his psychiatric evaluations and diagnosis; coercing him into pleading guilty by threatening to do nothing to help him at trial if he refused the State's offer; and by failing to provide zealous representation due to a fee dispute with his family. The post-conviction court entered a preliminary order on September 4, 2007, finding that the petition presented a colorable claim, appointing

counsel, and ordering that the State file a response to the petition within thirty days of the filing of either an amended petition or notice that no amended petition would be filed. On October 2, 2007, appointed counsel filed a notice that no amended petition would be filed. The State filed no response to the petition.

At the beginning of the December 5, 2007, evidentiary hearing, post-conviction counsel informed the court that the petitioner and his family had just that morning stated their intention of retaining private counsel in the matter. At that time, the State orally moved that the petition be dismissed for the petitioner's failure to verify it under oath, as required by the Post-Conviction Procedure Act and Rule 28 of the Rules of the Supreme Court. The post-conviction court granted the motion and, the following day, entered an order of dismissal.

On January 3, 2008, the petitioner filed both a notice of appeal to this court and a "Verification Under Oath" of his petition in the post-conviction court. On February 5, 2008, he filed a *pro se* amendment to his petition. The State responded with a motion to dismiss, arguing that the court lacked jurisdiction to consider the amended petition because the original petition had already been dismissed. The State further argued that the statute of limitations barred consideration of the amended petition as a second or subsequent petition for post-conviction relief. On February 19, 2008, the post-conviction court entered an order dismissing the amended petition.

### ANALYSIS

The petitioner contends that the post-conviction court erred by summarily dismissing his petition on a "technicality," instead of giving him the opportunity to rectify his omission, particularly in view of the fact that his failure to verify the petition under oath was not brought to light until the day of the evidentiary hearing. He points out that the State failed to comply with the Post-Conviction Procedure Act and the preliminary order of the post-conviction court by not filing the required response to his petition. He also points out that the post-conviction court found that his petition stated a colorable claim for relief. The State argues that the post-conviction court properly dismissed the petition based on the petitioner's failure to comply with the verification requirements of Tennessee Code Annotated section 40-30-104(e), despite his having appointed counsel and an opportunity to file an amended petition. The State notes that, instead of requesting a recess at the evidentiary hearing to correct the problem, the petitioner waited until January 3, 2008, to file his verification.

The Post-Conviction Procedure Act provides in pertinent part:

> The petitioner shall include allegations of fact supporting each claim for relief set forth in the petition and allegations of fact explaining why each ground for relief was not previously presented in any earlier proceeding. *The petition and any amended petition shall be verified under oath.* Affidavits, records or other evidence available to the petitioner supporting the allegations of the petition may be attached to it.

Tenn. Code Ann. § 40-30-104(e) (2006) (emphasis added). "[T]he statutory requirement that the allegations be verified under oath . . . is to deter or to reduce intentionally false allegations primarily made by petitioners by exposing them to aggravated perjury charges pursuant to T.C.A. § 39-16-703." Sexton v. State, 151 S.W.3d 525, 530 (Tenn. Crim. App.), perm. to appeal denied (Tenn. 2004).

In Sexton, cited by both the petitioner and the State, this court rejected a post-conviction petitioner's argument that her counsel's certification was sufficient to satisfy the verification requirement of Tennessee Code Annotated section 40-30-104(e). The State relies on the following portion of our opinion in support of its contention that the post-conviction court properly dismissed the petition:

> We conclude that the requirement under T.C.A. § 40-30-104(e) that allegations of a petition and any amendments be verified under oath is not satisfied by counsel's certification. *Whether prepared by a petitioner or by counsel, the petition and its amendments must be verified under oath.*

Id. (emphasis added).

The State, however, ignores the fact that we went on to conclude that the post-conviction court should have allowed the petitioner the opportunity to verify her amended petition under oath instead of ruling it invalid due to lack of verification:

> Although the comprehensive petition in the present case was not verified under oath, we do not believe the circumstances justified limiting the petitioner's claims. The trial court did not notify the petitioner of its concerns until the evidentiary hearing. Moreover, the trial court noted that the petitioner's previous pleadings had been verified under oath. The trial court easily could have allowed the petitioner to verify the comprehensive petition. In any event, it took sworn testimony from the petitioner and her trial attorneys relative to the petitioner's claims. We conclude that the circumstances justify the petitioner's claims being heard on the merits.

Id.

The petitioner here, like the petitioner in Sexton, was not made aware of the problem with his petition until the day of the evidentiary hearing when the State, which had filed no response to his petition, made the oral motion to dismiss, quite obviously taking both the post-conviction court and post-conviction counsel by complete surprise. We agree with the petitioner that this fact distinguishes his case from William E. Eakes, III v. State, No. M2005-01016-CCA-R3-PC, 2006 WL 163637, at *1 (Tenn. Crim. App. Jan. 23, 2006), perm. to appeal denied (Tenn. May 30, 2006), where the post-conviction court, in its original order granting the *pro se* petitioner thirty days to amend his petition, noted that the original petition failed to contain specific allegations of ineffective assistance of counsel and "was not verified under oath."

This case is also distinguishable from <u>Charles Montague v. State</u>, No. E2000-01330-CCA-R3-PC, 2001 WL 1011464, at *1 (Tenn. Crim. App. Sept. 4, 2001), in which we affirmed a post-conviction court's summary dismissal of a petition based on its failure to be properly verified by oath. Unlike in the case at bar, where counsel filed notice that no amended petition would be filed, appointed counsel in <u>Montague</u> filed an amended petition that also failed to contain the proper verification by oath.

We conclude, therefore, that the post-conviction court erred by summarily dismissing the petition based on the petitioner's failure to verify it under oath. While we recognize that the petitioner did not ask the post-conviction court at the hearing for time to correct the problem, we are also cognizant of the fact that he had no notice of it until the State made its oral motion for dismissal. Under such circumstances, we believe the post-conviction court should have offered the petitioner the opportunity to avoid summary dismissal by executing the proper verification of the petition under oath.

## CONCLUSION

Based on our review, we conclude that the post-conviction court erred by summarily dismissing the petition. Accordingly, we reverse the judgment of the post-conviction court and remand for further proceedings consistent with this opinion.

_____
ALAN E. GLENN, JUDGE